

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 6, 1966

Honorable Robert C. Koehl          Opinion No. C- 678
County Attorney
Atascosa County                    Re:  Whether the Commissioners
Jourdanton, Texas                       Court of Atascosa County
                                        has authority under Article
                                        2370, Vernon's Civil Statutes,
                                        to lease a county owned
                                        building to a furniture
Dear Mr. Koehl:                         manufacturing firm.

        You have requested an opinion in regard to the above
matter.  Pertinent facts from your request are quoted as follows:

        "In 1952 the Commissioners Court of
    Atascosa County, Texas purchased from the
    Jourdanton Independent School District cer-
    tain real estate and improvements situated
    thereon.  Said improvements consisting of
    a complex of buildings . . . After the pur-
    chase of the complex, Atascosa County renovated
    one of the buildings for use by Federal agencies.
    The gymnasium building was not renovated nor
    put into use by Atascosa County and presently
    is in a state of dilapidation.  . . ."

        "Recently the Commissioners Court has
    been approached by a Furniture Manufacturing
    Firm to lease the premises and this building.
    The lease to be for a term of years to be
    agreed upon and part of the consideration for
    the use and occupancy of this building would
    be the Furniture firm renovating the building
    which costs would be approximately $6,000 to
    $8,000."

        "There is no present need for this build-
    ing by the Commissioners Court."

        Article 2370, Vernon's Civil Statutes, provides that
the Commissioners Court of any county may, when necessary, furnish

-3264-

suitable quarters, other than the Courthouse, for holding Court and carrying on other public business and may rent such part of any such quarters not necessary for public use.

Section 1 of Article 2370 provides as follows:

"The Commissioners Court of any County may, when necessary provide buildings, rooms, or apartments at the county seat other than the courthouse for holding the sessions of the County Courts, District Courts and for carrying on such other public business as may be authorized by the Commissioners Court and may lease or rent such part of any such buildings, rooms or apartments as may not be necessary for public use." (Emphasis added)

Section 2 of Article 2370 provides in part as follows:

"Whenever any county in this State may have acquired a building (other than the courthouse) at the County seat which is used partly for public business and which is partly rented for private purposes, . . ." (Emphasis added)

Section 3 of Article 2370 provides in part as follows:

". . .

"There shall be charged and collected as rental for those parts of such building not used for public purposes, . . ." (Emphasis added)

The relevant sections of Article 2370 (cited above) clearly state that parts of public buildings may be leased by the county, but nothing is said about the lease or rental of a whole building owned by the county.

In Dancy v. Davidson, 183 S.W.2d 195 (Tex.Civ.App. 1944, error ref.), the Court stated (page 200) "The statutes do provide that certain offices shall be located at the county seat. It may be implied from the provisions of Article 2370 (prior to its amendment in 1941) that all courts other than the 'county courts' were required to hold their sessions in the courthouse. The amendment of the article largely did away with this restriction and provided a permissable method for financing and acquiring a public building other than a courthouse

in the county seat." (Emphasis added). Although the court in the Dancy case was dealing with a different issue than the one under consideration, the court nevertheless recognized that buildings acquired under the provisions of Article 2370 are public buildings to be used primarily for public purposes. A thorough discussion of the use of public buildings for a public purpose may be found in Attorney General's Opinion No. C-342 (1964).

In view of the foregoing, it is our opinion that the Commissioners Court of Atascosa County does not have the authority under Article 2370, Vernon's Civil Statutes, to lease a county owned building to a furniture manufacturing firm.

## S U M M A R Y

The Commissioners Court of Atascosa County does not have the authority under Article 2370, Vernon's Civil Statutes, to lease a county owned building to a furniture manufacturing firm.

Very truly yours,

WAGGONER CARR
Attorney General

By: James C. McCoy

James C. McCoy
Assistant

JCMcC:mkh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
John Reeves
Paul Phy
John Banks
Arthur Sandlin

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright